**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**Honorable Howard R. Tallman**

| | |
|---|---|
| In re: ) | |
| ) | |
| JAMES DOUGLAS THOMAS and ) | Case No. 13-11653 HRT |
| MICHELLE SYKES-THOMAS, ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | |

**ORDER ON APPLICATION**
**FOR ADMINISTRATIVE EXPENSE**

This matter comes before the Court to consider *HIT Inc's Application for Administrative Claim Pursuant to 11 U.S.C. § 503(b)(7)* (docket #110) ("HIT's Application").

### I. BACKGROUND

The Debtors commenced this case under chapter 13 on February 7, 2013 (the "Petition Date"). Prior to and on the Petition Date, the Debtors operated a business known as Platinum Play Family Fun and Event Center ("Platinum Play") in a commercial space located at 9395 Montview Boulevard, Aurora, Colorado (the "Premises"). The lessor of the Premises under that lease is HIT, Inc. ("HIT").

Prior to the Petition Date, HIT had commenced a forcible entry and detainer ("FED") action in the state court seeking to enforce the terms of its lease and to retake possession of the Premises. The FED action in the state court was stayed by the Debtors' bankruptcy filing and the Debtors continued to operate Platinum Play at the Premises. Shortly after the Petition Date, HIT moved for relief from the automatic stay in order to continue the FED action.

The Court conducted a final hearing on HIT's relief from stay motion on April 11 and April 12, 2013. Following that hearing, the Court took the matter under advisement and issued its order granting relief from the automatic stay on May 9, 2013 (docket #70). The Court's order allowed HIT to resume its FED action in state court and also permitted the parties to litigate any and all claims that either had against the other arising out of the landlord-tenant relationship (docket #85).

HIT retook possession of the Premises on June 26, 2013, pursuant to the state court proceedings. On July 29, 2013, following HIT's eviction of the Debtors' business from the Premises, HIT filed an application for administrative rent under § 365(d)(3) (docket #110). On August 28, 2013, the Debtors filed their objection to the allowance HIT's Application (docket #127). Under the Court's local rules, a party must file a certificate of contested matter in order to seek Court resolution of a contested motion. LBR 9013-1(c). Because neither the Debtors nor HIT ever filed a certificate of contested matter, the issue remained unresolved as of the date of the first confirmation hearing on January 28, 2015. Following that hearing, the Court set the matter down for an evidentiary hearing on June 4, 2015.

ORDER ON APPLICATION FOR
ADMINISTRATIVE EXPENSE
Case No. 13-11653 HRT

## II.  DISCUSSION

Section 365 of the Bankruptcy Code provides, in relevant part, that

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising *from and after the order for relief under any unexpired lease of nonresidential real property*, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.
> . . . .

11 U.S.C. § 365(d)(3) (emphasis added).

Post-petition rent claims under § 365(d)(3) are entitled to treatment as administrative expenses under § 503(b).  *In re Burival*, 613 F.3d 810, 812-13 (8th Cir. 2010); *In re Goody's Family Clothing Inc.*, 610 F.3d 812, 817 (3rd Cir. 2010); *In re Pacific-Atlantic Trading Co.*, 27 F.3d 401, 405 (9th Cir. 1994); *In re Furr's Supermarkets, Inc.*, 283 B.R. 60, 65-66 (B.A.P. 10th Cir. 2002).  *But see In re Duckwall-ALCO Stores, Inc.*, 150 B.R. 965, 971 n.10 (D. Kan. 1993) ("This court is in full agreement with the courts that have held, based on the clear language of § 365(d)(3), that it creates obligations with priority over § 503 administrative claims.").

Section 503(b) administrative expense claims are entitled to priority treatment under 11 U.S.C. § 507(a)(2).  Before the Court can confirm the Debtor's chapter 11 plan, § 1129(a)(9)(A) requires it to affirmatively find, with respect to all claims entitled to priority treatment under § 507(a)(2), that "on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim."  11 U.S.C. § 1129(a)(9)(A).

The initial question under § 365(d)(3) is whether the Debtors owed any obligation to HIT with respect to the Premises.  At trial, the Court admitted HIT's Exhibit 1 consisting of the Montview Shopping Center Lease Agreement (the "Lease").  The Lease appears not to have been professionally drafted and is rife with omissions and contradictions.

The initial difficulty is that, in the main body of the Lease, the tenant is never identified.  The cover sheet states:

> MONTVIEW SHOPPING CENTER
> LEASE AGREEMENT
>
> BY AND BETWEEN
>
> HIT INC.,
> as Landlord
>
> an individual,
> as Tenant

ORDER ON APPLICATION FOR
ADMINISTRATIVE EXPENSE
Case No. 13-11653 HRT

Page 3, the first page of the body of the agreement, begins as follows:

> THIS LEASE made and entered into this _5_ day of _August_, 20_11_ by and between ("Landlord") and ("Tenant").

Thereafter the parties are simply referred to as Landlord and Tenant. Michelle Thomas signed the lease and above her signature appears the following: "Tenant: Michelle Thomas – owner." At best, the body of the Lease is ambiguous. It is at least clear that Michelle Thomas qualified her signature as "owner" and, therefore, expressed her intention not to be bound personally. However, the Lease includes two exhibits titled "EXHIBIT D (Guaranty)" which clarify the parties' intentions.

The language of the first Exhibit D begins as follows:

> FOR VALUE RECEIVED, and in consideration for, and as an inducement to HIT, Inc., as Landlord, for entering into a certain Lease Agreement (the "Lease") dated the _5_ day of _August_, 20_11_ with _Platinum Play_ as Tenant, for that certain premises located at the Montview Plaza Shopping Center, _Michelle R. Thomas_ (the "Guarantor"), guarantees to Landlord . . . .

and the language of the second Exhibit D is identical except, instead of Michelle Thomas, it is in the name of James Thomas:

> FOR VALUE RECEIVED, and in consideration for, and as an inducement to HIT, Inc., as Landlord, for entering into a certain Lease Agreement (the "Lease") dated the _5_ day of _August_, 20_11_ with _Platinum Play_ as Tenant, for that certain premises located at the Montview Plaza Shopping Center, _James D. Thomas_ (the "Guarantor"), guarantees to Landlord . . . .

Other Exhibits: Exhibit A (Location of the Demised Premises Within the Building); Exhibit B (Landlord's Work); Exhibit C (Sign Criteria); Exhibit G (Rules and Regulations); and Exhibit H (Property Disclosure Statement), are all signed by Kay Hong as Landlord and Michelle Thomas as Tenant with no qualification or indication of capacity with respect to either signature. Finally, Exhibit E (Confirmation of Lease Terms and Dates) begins as follows:

> Shopping Center Lease Agreement (the "Lease") dated _8/5/11_, 20_11_ by and between _HIT Inc._, a Landlord, _Platinum Play (James D. Thomas / Michelle A. Thomas_, a Tenant, for the premises located at _9395 Montview Blvd., Aurora, CO 80010_ ("Premises") . . . .

The Lease is a hodgepodge that contains numerous internal contradictions. However, the Court must construe the Lease as a whole along with all of the exhibits. The clearest expression of the identity of the landlord and tenant appears in the two Exhibit Ds. Both documents identify Platinum Play, an incorporated entity, as the tenant. The first Exhibit D identifies Michelle Thomas solely as a guarantor and the second Exhibit D identifies James Thomas as a guarantor.

ORDER ON APPLICATION FOR
ADMINISTRATIVE EXPENSE
Case No. 13-11653 HRT

Not only do each of the guaranties show on their face the identity of the tenant as distinct from the guarantors, it would be redundant and nonsensical to ask the intended obligor under the Lease to personally guarantee the very same obligation.

Finally, to the extent that the Lease contains ambiguities, as the party responsible for drafting the Lease, HIT must bear the burden. Any time a written contract contains ambiguities, a court is required to resolve any doubt against the drafter. *U.S. v. Seckinger*, 397 U.S. 203, 210 (1970) ("[W]e are, of course, guided by the general principles that have evolved concerning the interpretation of contractual provisions . . . . Among these principles is the general maxim that a contract should be construed most strongly against the drafter . . . ."); *Valdez v. Cantor*, 994 P.2d 483, 486 (Colo. Ct. App. 1999) ("[I]n the case of any doubt with respect to a contract term, it should be construed most strongly against the drafter.") (citing *Cheyenne Mountain School District No. 12 v. Thompson*, 861 P.2d 711, 716 (Colo.1993) ("In case of doubt, a contract is construed most strongly against the drafter.").

The Court finds that neither Debtor is an obligor under the Lease but that each Debtor is a personal guarantor of the Lease obligation of Platinum Play, Inc.

The next issue is whether a personal guaranty is an "obligation[] of the debtor . . . under an[] unexpired lease of nonresidential real property," that requires treatment as administrative rent under 11 U.S.C. § 365(d)(3). It is not.

Speaking of the administrative expense provisions of 11 U.S.C. § 503, the court in *In re United Trucking Service, Inc.*, said that "[t]he purpose of these provisions is to facilitate the rehabilitation of insolvent businesses by encouraging third parties to provide those businesses with necessary goods and services." 851 F.2d 159, 161 (6th Cir.1988) (citing *In re Mammoth Mart, Inc.*, 536 F.2d 950, 954 (1st Cir. 1976)). But allowance of administrative expense claims "may diminish the recovery of creditors and other claimants." *In re Flight Transp. Corp. Securities Litig.*, 874 F.2d 576, 581 (8th Cir. 1989). "Such priorities are strictly construed . . . '[b]ecause the presumption in bankruptcy cases is that the debtor's limited resources will be equally distributed among his creditors.'" *In re Com. Fin. Services, Inc.*, 246 F.3d 1291, 1293 (10th Cir. 2001) (quoting *Isaac v. Temex Energy, Inc. (In re Amarex, Inc.)*, 853 F.2d 1526, 1530 (10th Cir.1988)). Administrative expense claimants "can prevail only by demonstrating that their claims 'comport with the language and underlying purposes of § 503.'" *In re Com. Fin. Services, Inc.,* 246 F.3d at 1293 (quoting *Jartran, Inc.*, 732 F.2d 732 F.2d 584, 586 (7th Cir. 1984)).

Accordingly, it is only where a debtor is the obligor under a lease of nonresidential real property that the claim of a landlord for administrative rent may be allowed because the language of 11 U.S.C. § 365(d)(3) is limited to "obligations of the debtor." *Id*. A debtor's personal guaranty is not such an obligation and the terms of § 365(d)(3) cannot be stretched to include a debtor's personal guaranty of the debt of another. *See In re Farley Inc.,* 152 B.R. 516, 524 (Bankr. N.D. Ill. 1993) ("§ 365(d)(3) cannot be read more broadly than its terms to apply to debtors who merely guarantee another party's obligations under a lease, but have no threshold interest of their own."). *See also In re Pudgie's Dev. of NY, Inc.*, 202 B.R. 832, 837 (Bankr. S.D. N.Y. 1996) ("Given the fact that section 365(d)(3) mandates a departure from the normal priority

ORDER ON APPLICATION FOR
ADMINISTRATIVE EXPENSE
Case No. 13-11653 HRT

of claims, it should be strictly construed."); *In re Green*, 504 B.R. 675, 679 (Bankr. S.D. Ga. 2014) (finding that a landlord's broad interpretation of § 365(d)(3) to include a debtor's personal guaranty to be "untenable.").

      HIT's Application must be denied.

### III. CONCLUSION

      The Court finds that the Debtors are guarantors of Platinum Play's obligations under its Lease with HIT. Because it was Platinum Play that was in possession of the Premises and owed the rent obligation under the Lease, the Debtors do not owe an administrative rent obligation to HIT under 11 U.S.C. § 365(d)(3). HIT's claim is entitled to treatment as a general unsecured claim under the terms of the Debtor's plan.

      Therefore, it is

      **ORDERED** that *HIT Inc's Application for Administrative Claim Pursuant to 11 U.S.C. § 503(b)(7)* (docket #110) is DENIED.

      Dated this 28th day of October, 2015.

                                    **BY THE COURT:**

                                    Howard R. Tallman, Judge
                                    United States Bankruptcy Court